## MOSES SIBLEY *vs.* JAMES ESTABROOK.

An action against a sheriff for an assault and false imprisonment committed by his deputy is barred in two years by the limitation in Rev. Sts. *c.* 120, § 2, of "all actions for assault and battery, and for false imprisonment," notwithstanding § 3, providing that "all actions against sheriffs, for the misconduct or negligence of their deputies," shall be commenced within four years.

ACTION OF TORT, commenced on the 21st of August 1854 against the former sheriff of Worcester for the misconduct of his deputy sheriff Jasper Brown, and of his deputy jailer Rufus Carter, in 1851, in unlawfully arresting and imprisoning the

plaintiff upon an execution, the return day of which had passed. Answer, that the plaintiff's cause of action did not accrue within two years before the suing out of the writ, and was therefore barred. The plaintiff demurred to the answer, because this action was against the sheriff for the misconduct of his deputies, committed within four years before the commencement of the action, and therefore was not barred.

The question raised by the demurrer depended on the construction of the following provisions of the Rev. Sts. *c.* 120:

" SECTION 2. All actions for assault and battery, and for false imprisonment, and all actions for slanderous words and for libels, shall be commenced within two years next after the cause of action shall accrue, and not afterwards.

" SECTION 3. All actions against sheriffs, for the misconduct or negligence of their deputies, shall be commenced within four years next after the cause of action shall accrue, and not afterwards."

*I. M. Barton*, for the plaintiff.

*P. C. Bacon & D. Foster*, for the defendant.

DEWEY, J. This is an action against a sheriff for the misconduct of his deputies. It is also an action for an assault and false imprisonment, the sheriff, as the superior, being under our decisions liable to be thus charged for the acts of his deputy. *Grinnell* v. *Phillips*, 1 Mass. 530. *Campbell* v. *Phelps*, 17 Mass. 244.

It is contended by the plaintiff that the special provision of the statute, limiting all actions against the sheriff, for the misconduct of his deputies, to four years, controls the general provision limiting actions for assault and false imprisonment to two years. The argument that by this construction you secure a uniform rule of limitation applicable to all actions against the sheriff for the misconduct of his deputies, is certainly a plausible one. But we think that must yield to the greater and leading purpose of § 2, that of requiring an early institution of a suit for an assault and battery, or false imprisonment. The object of § 3 was to benefit the sheriff in the matter of his official responsibility for the default of his deputies, by limiting his liability to

a shorter period than it would otherwise have been.  For many causes of action, six years was the period of limitation.  Rev. Sts. *c.* 120, § 1.  This was deemed an unreasonable period for a liability of this nature, and hence § 3 limits the extreme period of such liability of sheriffs to four years.  This was to have its effect upon all cases of liabilities that would otherwise have been continued to a period more remote.  But we cannot suppose it was intended to extend the term of limitation in cases where it was by other provisions already limited to two years.  To give this construction would produce this result; that, while the servant or agent who was the principal actor, and by reason of whose acts solely the defendant is charged, was wholly discharged by the limitation of two years, the superior who becomes responsible merely by his official relation, would be liable for four years.  Indirectly, it would operate to deprive the deputy sheriff of the benefit of the two years' limitation, which is given him by § 2, as he would be answerable over to the sheriff for any damages that might be recovered of him.  We are of opinion that the sheriff may properly avail himself of the limitation of two years provided in § 2, in all cases of actions brought against him for assault or false imprisonment, although his liability arises wholly from the acts of his deputy, and the damages claimed are for the misconduct of such deputy.

*Plaintiff's demurrer overruled.*